# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ALEX ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2442-B |
| | § | |
| ELTMAN LAW, P.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Alex Alvarado's Motion for Default Judgment (Doc. 10), filed

January 22, 2019. For the reasons discussed below, the Court **DENIES** Alvarado's Motion, and

declines to award him damages at this time.

## I.

## BACKGROUND

This is a Fair Debt Collection Practices Act (FDCPA) suit.[1] On September 13, 2018, Alex

Alvarado (Alvarado) filed a complaint against Eltman Law, P.C. (Eltman). Alvarado alleged that

Eltman violated the FDCPA when it obtained a state-court default judgment for approximately

$2,400 plus $400 in attorneys' fees through the false, misleading, or deceptive representation to the

court that Alvarado was properly served in that lawsuit about a debt owed to Conn's Electronics.

Doc. 1, Compl., ¶¶ 23, 27, 29. Specifically, Alvarado says Eltman served notice to Alvarado's prior

---

[1] Alvarado also sues under the Texas Debt Collection Practices Act (TDCPA) and the Deceptive Trade Practices-Consumer Protection Act (DTPA). *See* Tex. Fin. Code § 392 and Tex. Bus. & Com. Code § 17.41.

address and not the address that he resided at the time of service. *Id.* ¶ 26. Alvarado only became aware of the default judgment regarding his debt when he noticed his wages were garnished by his bank. *Id.* ¶ 24. He inquired to his bank about the garnishment and learned that the garnishment occurred due to a lawsuit filed by Eltman at some prior date. *Id.* ¶ 25.

Alvarado now sues under the FDCPA alleging Eltman used a false, deceptive, or misleading representation to collect the debt in violation of 15 U.S.C. § 1692e.[2] *Id.* ¶¶ 30–33. Alvarado also sues alleging Eltman's actions violate the Texas Debt Collection Practices Act by making unlawful representations to collect the debt, namely using unfair or unconscionable means to collect a debt. *Id* ¶ 34–36 (citing Tex. Fin. Code § 392.303). Alvarado seeks punitive damages,[3] actual damages, statutory damages under 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403(e), costs and attorneys' fees under 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b), and any other relief the Court deems just. *Id.* at 8. The Court notes that Alvarado does not seek to reverse or modify the state-court judgment. *Id.* ¶ 10. The *only* injury he identifies as actionable is Eltman's failure to serve him at his proper address.

On September 14, 2018, Alvarado served Eltman a copy of his Complaint on Amanda Holt who is alleged to be designated by law to accept service of process for Eltman. Doc. 7-1, Return of Summons, 3. To date, Eltman has neither answered nor otherwise made an appearance in this case. Consequently, Alvarado requested the Clerk enter default on January 22, 2019 (Doc. 9), which it

---

[2] *See generally*, Doc. 1, Compl. Alvarado refers to violations and misrepresentations although only one injury is alleged. Alvarado also requests damages for a claim not pled. *Id.* at 8. These and other indicia lead the Court to believe that these are relics of prior cases. Thus, the Court interprets the Complaint in light of the facts and injury actually alleged.

[3] Alvarado's Complaint asks for punitive damages under federal and state common law, but provides insufficient support for the request. Doc. 1, Compl., at 8.

did that same day (Doc. 11). On January 22, 2019, Alvarado moved the Court for a default judgment against Eltman (Doc. 10), supported by an affidavit from his attorney (Doc. 12). The Court now considers that Motion.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to the Rule, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial

prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002))). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

In this case, after reviewing Alvarado's Motion in light of the six *Lindsey* factors, the Court

concludes that a default judgment is procedurally warranted, but unsupported by sufficient factual basis in Alvarado's Complaint. Additionally, even if default were supported by sufficient factual basis, the Court cannot determine the amount of damages with mathematical calculation by reference to information in the pleadings and supporting documents to award damages. *See James*, 6 F.3d at 310.

A.    *Whether An Entry of Default Judgment Is Procedurally Warranted*

In this case, after reviewing Alvarado's Motion in light of the six *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, Eltman has not filed any responsive pleadings. Consequently there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second, Eltman's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, there is no evidence before the Court to indicate that Eltman's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fourth, Eltman has completely failed to respond to Alvarado's Complaint for over eight months, mitigating the harshness of a default judgment. *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Eltman. Thus, Alvarado has met the procedural requirements for default judgment.

B.    *Whether There Is a Sufficient Basis for Judgment in the Pleadings*

Eltman is deemed to have admitted the well-pleaded allegations set forth in Alvarado's Complaint. Nonetheless, the Court must review the pleadings to determine whether they present a sufficient basis for Alvarado's claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206. In conducting

this analysis, the Fifth Circuit has looked to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Once again, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu*, 515 F.2d at 1206. However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Although procedurally warranted, the Court cannot enter default judgment for Alvarado because Alvarado's claims do not find support in the well-pleaded factual allegations of his Complaint. Alvarado fails to provide sufficient evidence and allegations that the prior service was in fact improper. Doc. 1, Compl., ¶¶ 26–27. While legal conclusions may provide the basis for a complaint, "they must be supported by factual allegations." *Rodrigo v. Barclays Bank Del.*, 2017 WL 1155373, at *7 (S.D. Cal. Mar. 27, 2017) (citing *Ashcroft*, 556 U.S. at 678). In *Rodrigo*, the court granted the defendants' motion to dismiss claims brought under the FDCPA for fraudulent service of process including service at the wrong address. *Id.* at *7. There, the plaintiff supported her claim with six separate allegations: that she resided at a different address at the time of service; that she was at a different location at the time of service; that the defendant sent at least two notices of the intent to sue to the prior address; that she first learned of the suit from an attorney solicitation; that

she had a copy of the proof of service; and that the defendant's counsel declined to vacate the default judgment even after being informed of the errors in service. *Id.* Despite the plaintiff's six separate allegations, some of which were supported by evidence, the court found the action failed because the allegations about false proof of service were merely legal conclusions. *Id.*

Just like in *Rodrigo*, Alvarado claims improper service, but unlike *Rodrigo* where the plaintiff provided six supporting factual allegations and material evidence, Alvarado provides no supporting factual allegations or material evidence. *Id.*; Doc. 1, Compl., ¶¶ 26–27. Alvarado alleges "service was allegedly attempted [at] Plaintiff's old address" and that "[he] was never served in any lawsuit . . . at the address Plaintiff was allegedly served." Doc. 1, Compl., ¶ 27. Alvarado's allegations are substantially less detailed than what the court held to be legal conclusions in *Rodrigo*. Doc. 1, Compl., ¶¶ 26–27. Furthermore, the court in *Rodrigo* held that even if service was improper, this alone "would not support the inference that [defendant] acted purposefully to procure proof of service in bad faith," in violation of the FDCPA. 2017 WL 1155373, at *7. Similarly, the Court is unwilling to grant Alvarado's Motion based upon the legal conclusions in the Complaint.

1.    FDCPA Violation

The FDCPA forbids debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and § 1692e provides a non-exhaustive list of examples of false, deceptive, or misleading activity. 15 U.S.C. § 1692e. Alvarado alleges that Eltman willfully served the wrong address in the prior default judgment to deny Alvarado the opportunity to participate in the case. Doc. 1, Compl., ¶¶ 2, 32. In support of this legal conclusion, Alvarado provides no case law in support of his position and fails to cite either a provision of the non-exhaustive list in 15 U.S.C. § 1692e violated by Eltman or explain how the

alleged conduct falls within the cited statute. Additionally, if the Court followed the holding in *Rodrigo*, "the Court need not accept as true" the legal conclusion of improper service. 2017 WL 1155373, at *7. Notwithstanding *Rodrigo*, taking Alvarado's allegations as true, the Court finds that he has alleged insufficient detail and provided no evidence in support of his claim of improper service. *See Gandy v. Lynx*, 2014 WL 6805501, at *2 (N.D. Tex. Dec. 3, 2014) (finding insufficient facts had been alleged to grant default judgment for FDCPA and TDCPA claims). Thus, the Court is unwilling to find a FDCPA violation solely on the allegations submitted.

2.     TDCPA § 392–392.404 and DTPA Violation

Next, Alvarado alleges Eltman's failure to serve him at his proper address, *see supra* § III(B)(1), violated the TDCPA and DTPA which prohibit "unfair or unconscionable means" during debt collection. Tex. Fin. Code § 392.303(a); Doc. 1, Compl., ¶¶ 1, 34–36. A violation of the TDCPA is a *per se* violation of the DTPA, but "no recovery shall be permitted under both [the DTPA] and another law." Tex. Fin. Code § 392.404; Tex. Bus. & Com. Code § 17.43. However, the Court does not need to determine damages because just as with the FDCPA claim, Alvarado fails to provide any case law in support of his position and fails to sufficiently allege a violation of § 392.303(a). Additionally, Alvarado's affidavit supporting his motion for default judgment cites only to the FDCPA for Eltman's alleged violation. Doc. 12, Am. Aff. ¶¶ 8–10. Thus, the Court declines to find a violation of the TDCPA or DTPA based on the facts submitted.

3.     Attorneys' Fees

Last, Alvarado alleges that Eltman and its representatives committed the above acts "knowingly, willfully, and intentionally" and, further, "[Eltman] did not maintain procedures reasonably adapted to avoid any such violation" which "limit[ed] the ability of a hypothetical least

sophisticated debtor to make an intelligent choice . . . to resolve the alleged debt." Doc. 1, Compl., ¶¶ 7–8. All this, Alvarado says, entitles him to attorneys' fees under both the TDCPA and FDCPA. *Id.* ¶¶ 33, 36. Indeed, "[i]t is well-established that the FDCPA is a fee-shifting statute and makes the debt collector liable for reasonable attorney's fees upon successful prosecution of a plaintiff's case." *Young v. Asset Acceptance, LLC*, 3:09-CV-2477, 2011 WL 618274, at *2 (N.D. Tex. Feb. 10, 2011) (citing 15 U.S.C. § 1692k(a)(3)). But because Alvarado has not successfully prosecuted his case, Alvarado may not collect attorneys' fees.

C.    *Because Plaintiff's Claims Fail, Damages Will Not Be Awarded*

"The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . .[;] establish the truth of any allegation by evidence; or investigate any other matter." Fed. R. Civ. P. 55(b)(2). "Where the amount claimed is a liquidated sum or one capable of mathematical calculation," however, a Court may enter judgment without a hearing. *James*, 6 F.3d at 310.

Here, Alvarado asks for (1) punitive damages; (2) actual damages; (3) statutory damages; (4) costs and reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3) and/or Tex. Fin. Code § 392.403(b). Doc. 1, Compl., 8; Doc. 12, Am. Aff., ¶ 9. But because Alvarado fails to show any actionable violation, damages and attorneys' fees are inappropriate.[4]

# IV.

# CONCLUSION

In sum, the Court concludes that although procedurally warranted, it would not be proper

---

[4] Even if attorneys' fees were appropriate, Alvarado's documentation fails to detail hours spent per task, experience level of personnel, and a breakdown of costs.

to enter a default judgment for Alvarado in this case because the well-pleaded facts in Alvarado's Complaint are insufficient to support a claim against Eltman under the FDCPA, TDCPA, or DTPA. Accordingly, Alvarado's Motion for Default Judgment is hereby **DENIED**.

SO ORDERED.

SIGNED: May 24, 2019.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE