UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEX D. ALVARADO MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2442-B |
| | § | |
| ELTMAN LAW, P.C., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Alex D. Alvarado Martinez's Motion for Default Judgment (Doc. 21), filed January 7, 2020. For the reasons discussed below, the Court **DENIES** Martinez's Motion. If Martinez does not make a showing of why the case should not be dismissed, the Court intends to dismiss the case with prejudice *sua sponte.*

I.

BACKGROUND

This is a Fair Debt Collection Practices Act (FDCPA) suit. Martinez also sues under the Texas Debt Collection Practices Act (TDCPA) and the Deceptive Trade Practices-Consumer Protection Act (DTPA) pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. *See* Tex. Fin. Code § 392 *et seq.*; Tex. Bus. & Com. Code § 17.41. On August 6, 2019, Martinez filed his Amended Complaint (Doc. 17) against Eltman Law, P.C. Martinez alleges that Eltman violated these debt-collection provisions by using a state-court default judgment obtained against "Alex R. Alvarado" for $3,416.41 to file a writ of garnishment, which resulted in Martinez's bank placing a hold on his bank account. *See* Doc. 17, Am. Compl., ¶¶ 26–34.

- 1 -

Specifically, Martinez alleges the citation used in the state-court default judgment was issued for "Alex R. Alvarado." *Id.* ¶ 24. He alleges this citation was served upon someone other than himself, at an address he did not reside. *Id.* ¶¶ 37–38. Martinez therefore believes that the state default judgment was not valid against him.[1] *Id.* ¶ 27.

Martinez claims that he first became aware of the state-court dispute when he noticed a hold on his bank account. *Id.* ¶ 35. He inquired about the hold to his bank and learned that it had been put in place in relation to an application of garnishment filed by Eltman. *Id.* Martinez then subpoenaed information to learn the circumstances of the garnishment after failing to locate the case giving rise to the default judgment. *Id.* ¶¶ 36, 38. He discovered that the hold had been placed on his account after Eltman served a writ of garnishment on his bank for the account of "Alex Alvarado." *Id.* ¶¶ 29–30.  After Eltman served the writ, the bank informed Eltman that the account in its possession did not match the name of the person against whom default judgment was entered. *Id.* ¶ 29. Martinez alleges Eltman nonetheless "persisted" in the garnishment after discovering it was wrongful, but he makes no specific factual allegation that Eltman took any further action on the matter. *See id.* ¶ 39. The hold on Martinez's account remained for over a year, well after the garnishment case was dismissed by the state court for want of prosecution.[2] Doc. 21, Mot. for Default J., 3.

Martinez then brought this suit alleging that under the FDCPA, Eltman's use of the state-

---

[1] Martinez does not allege any conduct took place in the Northern District of Texas, but Eltman waived any venue defects by failing to respond. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 942 (5th Cir. 1999).

[2] The garnishment case was dismissed in June of 2018, but the hold on Martinez's account remained until March of 2019. *Id.* ¶¶ 33–34.

court judgment against a different person in an attempt to garnish his funds was the use of a false, deceptive, or misleading representation in the collection of a debt, in violation of 15 U.S.C. § 1692e (the FDCPA). Doc. 17, Am. Compl. ¶ 41. Martinez also alleges the same conduct violates § 1692d and § 1692f of the FDCPA. *Id.* ¶¶ 46–47. Moreover, Martinez also alleges that Eltman violated the TDCPA by making unlawful misrepresentations to collect the state-court judgment. *Id.* ¶¶ 52–56 (citing Tex. Fin. Code §§ 392.2–392.404). Because a violation of the TDCPA also constitutes a violation of the DTPA, see Tex. Fin. Code § 392.404, Martinez claims he is entitled to damages under the DTPA as well. Doc. 17, Am. Compl., ¶¶ 58, 60.

Based on these claims, Martinez seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1); treble actual damages under Texas Business & Commerce Code § 17.50(b); statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and Texas Finance Code § 392.403(e); costs and attorney's fees under 15 U.S.C. § 1692k(a)(3) and Texas Finance Code § 392.403(b); and any other relief the Court deems just. Doc. 21, Mot. For Default J., 8–11.

On August 27, 2019, Martinez served a copy of his Amended Complaint on Diana Lily, who is alleged to be designated by law to accept service of process for Eltman. Doc. 18, Return of Summons, 3. To date, Eltman has neither answered nor otherwise made an appearance in this case. Consequently, Martinez requested that the Clerk enter default on November 26, 2019 (Doc. 19), which it did the following day (Doc. 20). On January 7, 2020, Martinez moved for a default judgment against Eltman (Doc. 21), supported by affidavits from Martinez and his attorney. The Court now considers that Motion.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g.*, *id*. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court is to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, the "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages.") (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002)). Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.

### ANALYSIS

After reviewing Martinez's Motion, the Court concludes that a default judgment is procedurally warranted, but it is unsupported by a sufficient factual basis in Martinez's Amended Complaint. The Court finds no allegations of conduct that is prohibited by the FDCPA or the TDCPA, and accordingly **DENIES** the Motion for Default Judgment.

A.      *Whether an Entry of Default Judgment Is Procedurally Warranted*

In this case, the Court finds that default judgment is procedurally warranted in light of the

six *Lindsey* factors. First, because Eltman has not filed any responsive pleading, there are no material

facts in dispute. *See Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that

"[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second,

Eltman's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing

[Martinez's] interests." *H & G Contractors, Inc.*, 2011 WL 4738197, at \*3 (citing, *inter alia*, *Lindsey*,

161 F.3d at 893). Third, there is no evidence before the Court that indicates Eltman's silence is the

result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fourth, Martinez's

Original Complaint was served on Eltman over seventeen months ago, and his Amended Complaint

was served over five months ago. Doc. 7-1, Return of Summons, 3; Doc. 18, Return of Summons,

3.  Eltman's complete failure to respond to either summons "mitigat[es] the harshness of a default

judgment." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at

\*3 (N.D. Tex. May 1, 2013). Finally, the Court is not aware of any circumstances that would give

rise to good cause to set aside the default if challenged by Eltman. *Lindsey*, 161 F.3d at 893. Thus,

Martinez has met the procedural requirements for default judgment.

B.      *Whether There Is a Sufficient Basis for Judgment in the Pleadings*

Eltman is deemed to have admitted the well-pleaded allegations set forth in Martinez's

Amended Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review

the pleadings to determine whether they present a sufficient basis for Martinez's claims for relief. *See*

*id*. In conducting this analysis, the Fifth Circuit has looked to the Rule 8 case law for guidance:

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (alterations in original).

Although the Court assumes that Eltman admits to the well-pleaded facts in the Amended Complaint, Eltman "is not held to admit facts that are not-well pleaded or to admit conclusions of law." *See Nishimatsu Constr.*, 515 F.2d at 1206.

### 1.     FDCPA violation

Martinez's Amended Complaint lists three FDCPA subsections Eltman is alleged to have violated: § 1692e, § 1692d, and § 1692f. Doc. 17, Am. Compl., 7. Although procedurally warranted, the Court cannot enter default judgment for Martinez. Martinez has not met his burden because his claims are not supported by the factual allegations in his Amended Complaint.

#### a.     15 U.S.C § 1692e

The FDCPA forbids debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and § 1692e provides a non-exhaustive list of false, deceptive, or misleading activity. *See* 15 U.S.C. § 1692e; *Gomez v. Niemann & Heyer, L.L.P.*, 2016 WL 3562148, at *3 (W.D. Tex. June 24, 2016). The Court concludes that Martinez fails to provide well-plead factual allegations that Eltman took any action that constitutes a false, deceptive, or misleading representation.

Martinez alleges that Eltman made a "misleading representation that it had properly served

Plaintiff and had a default judgment against Plaintiff," and that Eltman "failed to dismiss the garnishment . . . ." Doc. 21, Mot. For Default J., 3. But there is no support in the Amended Complaint that Eltman's service of the writ of garnishment on the bank was a fraudulent representation. Eltman was attempting to collect a default judgment entered against "Alex Alvarado," and there is no allegation that Eltman tried to use Martinez's or any name other than Alex Alvarado in its application for garnishment. *See* Doc. 17, Am. Compl., ¶¶ 27–31. Rather, Martinez alleges Smart Financial, Martinez's bank, put the hold on Martinez's account after Eltman served it with the writ of garnishment for Alex Alvarado. *Id.* ¶¶ 29–30. Based on the factual allegations, upon Eltman's discovery that there was no account at the bank that matched the name Eltman had a judgment against, Eltman took no action to collect the debt from Martinez. *See id.* ¶¶ 32–33.

*Todd v. Franklin Collection Service, Inc.* is instructive in interpreting what constitutes a misrepresentation under § 1692e. 694 F.3d 849 (7th Cir. 2012) (per curiam). In *Todd*, the plaintiff brought a FDCPA action after the defendant debt collector failed to update the status of the plaintiff's debt. *Id.* at 850. The plaintiff's debt was no longer under collection, but the defendant did not report this change in status to credit-reporting agencies. *Id.* The plaintiff alleged that this inaction violated 15 U.S.C. § 1692e. *Id.* The Seventh Circuit affirmed the district court's holding that without an allegation that the defendant had attempted to collect the debt after it was recalled, the plaintiff had "not alleged any facts to plausibly suggest that [the defendant] violated Section 1692e of the FDCPA by using 'false, deceptive or misleading representation or means in connection with the collection of any debt.'" *Todd v. Franklin Collection Serv., Inc.*, 2011 WL 6140863, at *4 (N.D. Ill. Dec. 9, 2011), *aff'd*, 694 F.3d at 852.

Similarly, here, Martinez does not allege that Eltman took any further action to pursue collection of a debt against Martinez after discovering that the name on the bank account at Smart Financial and the name of the state-court default judgment did not match. *See* Doc. 21, Mot. for Default J., 2–3. Moreover, to the extent Martinez alleges Eltman failed to take action to have the hold removed, § 1692e does not appear to address this inaction. Section 1692(e) says Eltman "may not use any false, deceptive, or misleading representation or means" to collect a debt. 15 U.S.C. § 1692(e). However, Martinez does not cite to, and this Court has not found, any authority indicating an omission like Eltman's constitutes a violation of § 1692e. *See generally*, Doc. 17, Am. Compl., ¶¶ 45, 48–50. Thus, this Court agrees with the Seventh Circuit that violations of § 1692e require an affirmative misrepresentation or act, not inaction. For these reasons, Martinez's allegations do not support a finding that Eltman violated § 1692e.

b.     15 U.S.C. § 1692d

Martinez alleges Eltman also violated § 1692d of the FDCPA by serving its request of garnishment of "Alex Alvarado's" account on Smart Financial, and failing to remove the subsequent hold on Martinez's account. Doc. 17, Am. Compl., ¶ 46. Under § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "Ordinarily, the determination of whether a debt collector's conduct constituted harassment, oppression or abuse in violation of the Act is a question of fact for the jury, however, in appropriate cases, the question can be resolved as a matter of law." *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 725 (S.D. Tex. 2012).

Section 1692d of the FDCPA provides a "non-exhaustive list of conduct that may violate" the provision. *McVey v. Bay Area Credit Serv.*, 2010 WL 2927388, at *1 (N.D. Tex. July 26, 2010)

(citing 15 U.S.C. § 1692d); *see Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019) ("[D]ebt collectors may not use or threaten violence, or make repetitive annoying phone calls.") (citing 15 U.S.C. § 1692d). Martinez does not cite to any of the six subsections of § 1692d, nor does he provide any case law to illustrate that Eltman's conduct violated the provision. *See* Doc. 17, Am. Compl., ¶ 46. Absent a more specific allegation and legal support, the Court is unwilling to say Eltman's conduct—filing a writ of garnishment for "Alex Alvarado"—was harassing or abusive. *See Anderson v. E. Asset Servs., LLC*, 2019 WL 2141664, at *3 (N.D. Tex. May 16, 2019) ("However, [Plaintiff] provides no case law in support of his position and fails to cite any specific provisions of 15 U.S.C. § 1692d violated by [Defendant], so the Court is unwilling to find a violation solely on the facts submitted.").

        c.      15 U.S.C. § 1692f

Martinez's final FDCPA violation allegation is that Eltman's conduct violates § 1692f. Doc. 17, Am. Compl., ¶ 47. "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Martinez does not point to a specific subsection of § 1692f that Eltman is alleged to have violated, nor advance any case law for this allegation. *See* Doc. 17, Am. Compl., ¶ 47. But, in any event, "[a] claim of a violation of § 1692f is deficient if it does not identify any misconduct beyond that which the plaintiff asserts violates other provisions of the FDCPA." *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010); *accord Fath v. BAC Home Loans*, 2013 WL 3203092, at *13 (N.D. Tex. June 25, 2013).

Here, Martinez fails to assert conduct under the § 1692f claim that is independent from or different than the conduct alleged to have violated other the FDCPA provisions. *See* Doc. 17, Am.

Compl., ¶¶ 43–48. This precludes recovery under § 1692f. *See Cox*, 726 F. Supp. 2d at 666.

Accordingly, the Court concludes that Martinez has not adequately alleged a violation of § 1692f.

    2.    TDCPA and DTPA violations

Next, Martinez alleges Eltman's conduct also violated the TDCPA and DTPA, which

prohibit "using any other false representation or deceptive means to collect a debt or obtain

information concerning a consumer." Tex. Bus. & Fin. Code § 392.304(a)(19); *See* Doc. 17, Am.

Compl., ¶ 53. A violation of the TDCPA is a *per se* violation of the DTPA, see Tex. Fin. Code

§ 392.404, but "no recovery shall be permitted under both [the DTPA] and another law of both

damages and penalties for the same act or practice." Tex. Bus. & Com. Code § 17.43. Additionally,

"[t]he same actions that are unlawful under the FDCPA are also unlawful under the [TDCPA.]"

*Bullock v. Abbott & Ross Credit Servs., L.L.C.*, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3,

2009), *adopted by* 2009 WL 10713334 (W.D. Tex. Dec. 22, 2009) .

Martinez alleges that Eltman violated the TDCPA by violating the FDCPA. *See* Doc. 17,

Am. Compl., ¶ 54; Doc. 21, Mot. for Default J., 7–8. Because the Court finds no FDCPA violation,

there is not a TDCPA violation, nor a DTPA violation.[3]

C.    *Damages, Attorney's Fees, and Cost*

Last, Martinez requests attorney's fees, costs, and damages under the TDCPA, DTPA, and

FDCPA. Doc 21, Mot. for Default J., 8–11. Because Martinez has failed to show any actionable

violation by Eltman, Martinez may not collect any of the requested costs or damages.

---

[3] Though Martinez also mentions that Eltman violated the TDCPA's "prohibition against using unfair or unconscionable means in collecting a debt," Martinez does not provide any explanation for how Eltman violated this provision. *See* Doc. 17, Am. Compl., ¶ 55. Conclusory allegations do not supply sufficient facts to fulfill the requirements of Federal Rule of Civil Procedure 8. *See Bell Atl. Corp.*, 550 U.S. at 557.

## IV.

## CONCLUSION

In sum, the Court concludes that although procedurally warranted, default judgment is not substantively warranted for Martinez in this case because the allegations do not support a claim against Eltman under the provisions of the FDCPA, TDCPA, or DTPA relied upon by Martinez. Accordingly, Martinez's Motion for Default Judgment (Doc. 21) is hereby **DENIED.**

A district court may dismiss an action for failure to state a claim *sua sponte* after the party is given "both notice of the court's intention and an opportunity to respond." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). Based on the devoid factual allegations, and that Martinez has already amended once, the Court intends to dismiss this case with prejudice *sua sponte* for failure to state a claim. If Martinez opposes this dismissal, he must file a response on or before **March 24, 2020**, showing cause as to why this case should not be dismissed with prejudice.

**SO ORDERED.**

**SIGNED: March 11, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE